IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

RALPH GRANT,                                          2:06-cv-02842-RCT

    Petitioner,

  v.

G. SWARTHOUT, et al.,

    Respondents.
_____/

ORDER DENYING ISSUANCE OF CERTIFICATE OF APPEALABILITY

On the 16th day of September, 2010, this Court entered an order denying Ralph Grant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Mem. Dec. & Order 12.) This matter, therefore, is raised sua sponte in accordance with recently revised Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons discussed below, issuance of a certificate of appealability is DENIED as to all claims.

## BACKGROUND

Petitioner Grant is a state prisoner currently incarcerated at the California State Prison, Solano, in Vacaville, California.[1] (*Id.* at 1.) On December 15, 2006, Grant filed a petition for a writ of habeas corpus to challenge the California Board of Parole Hearings' ("Board") 2005 decision finding him unsuitable for parole. (*Id.*) Specifically, Grant raised the following three claims in his petition:

    1. The Board's 2005 parole denial violated Grant's federal due process rights. (*Id.* at 3.)

    2. Grant's sentence of seven years to life violates California Penal Code sections 12 and 13. (*Id.*)

---

[1] Pursuant to the change in wardens at the California State Prison, Solano, the Clerk is directed to change the case caption from D.K. Sisto to G. Swarthout.

1          3. The Board's 2005 parole denial violated Grant's Eighth Amendment right to be free from cruel and unusual punishment by creating a de facto life sentence without possibility of parole. (*Id.*)

          This Court determined, upon review of the record, that the 2006 decision of the Los Angeles County Superior Court rejecting Grant's claims was neither contrary to nor an unreasonable application of United States Supreme Court precedent, as required by 28 U.S.C. § 2254(d), and, accordingly, denied all three claims and dismissed the case with prejudice. (Mem. Dec. at 12.)

## DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To meet this standard, a petitioner must demonstrate that an issue is "debatable among jurists of reason," could be resolved differently by a different court, or is "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84; *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). It is the conclusion of this Court that Grant failed to demonstrate any of these required showings in regard to any of his three habeas claims.

          As to his first claim, the Court examined Grant's claim under two alternate theories before concluding that the Board's 2005 parole denial did not violate Grant's federal due process rights. (Mem. Dec. at 5.) First, assuming without deciding that California law creates a liberty interest in parole, the Court, upon independent review of the record, determined that Grant's parole hearing afforded him with both an opportunity to be heard and an explanation of why his parole was being denied. (*Id.* at 6-7.)

          Specifically, Grant attended the hearing, at which he was represented by counsel, and was invited to speak on his own behalf. (*Id.* at 6.) In addition, the

Board explained at length to Grant the basis of its denial. (*Id*.) As previously found by this Court, the Board's actions were therefore substantially similar and in accordance with the process in Nebraska approved by the Supreme Court in *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979) ("The Nebraska procedure affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances."). (Mem. Dec. at 6-7.)

Second, the Court concluded that, under California law, Grant was not entitled to parole and, thus, could not have been deprived of a state created liberty interest. (*Id*. at 7-9.) Under California law, "the paramount consideration . . . under the governing [parole] statutes is whether the inmate currently poses a threat to public safety." *Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (en banc) (quoting *In re Lawrence*, 190 P.3d 535, 552 (Cal. 2008)). Identifying multiple bases, the Board determined that Grant "is not suitable for parole or would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." (Mem. Dec. at 8.)

Notably, Grant did not contest the Board's description of his crime of conviction as "especially cruel and vicious," demonstrating "a callous disregard for human suffering." (*Id*. at 7-9.) Nor did he contest that he had a significant criminal history and had violated his previous grants of parole on multiple occasions, including having committed the offense for which he is currently incarcerated while on parole. (*Id*.)

He also conceded that though his drug addiction problem had contributed to the offense of his conviction, he had not actively participated in any recovery programs while incarcerated. (*Id*.) Finally, Grant did not contest that he had failed to comply with even the necessary procedures for establishing the existence of a viable residential plan. (*Id*.)

In light of this record, the Court found that the Board's conclusion both met California's "some evidence" requirement and was certainly not "based on an unreasonable determination of the facts in light of the evidence," *see Hayward*, 603 F.3d at 562–63. (Mem. Dec. at 9.) Emphasizing the infirmity of Grant's claim, the Court elaborated further, stating that "even under a de novo standard of review, it is quite clear on this record that the Board's determination was supported by 'some evidence.'" (*Id*.)

This Court finds no reason to encourage further litigation applying the standards governing certificates of appealability. The Court's denial of Grant's first claim is not "debatable among jurists of reason" and could neither be resolved differently by a different court nor is it sufficiently "adequate to deserve encouragement to proceed further." As such, the Court declines to issue a certificate of appealability for Grant's first claim.

As to Grant's second claim, that his sentence violates California law, the Court appropriately concluded that "violations of state law are not cognizable on federal habeas review," *Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010). (Mem. Dec. at 10.) In light of the basis for this claim, this Court readily concludes that neither *Jennings* nor *Slack* compels or requires issuance of a certificate of appealability for Grant's second claim.

Finally, in regard to Grant's third claim, the Court likewise concludes that any appropriate basis for which to issue of a certificate of appealability is absent. Analyzing Grant's actual sentence of life with the possibility of parole in accordance with the proportionality analysis articulated in *Solem v. Helm*, 463 U.S. 277, 292 (1983), the Court determined that Grant's sentence does not violate the Eighth Amendment's prohibition on cruel and unusual punishment. (Mem. Dec. at 10-11.)

Grant's crime of conviction, kidnapping for robbery, is an extremely serious offense. (*Id*. at 11.) Also, Grant received the same sentence as similar

offenders in California.  (*Id.*)  Finally, Grant provided no evidence that other states impose far shorter sentences on convictions for kidnapping for robbery.  (*Id.*)

In sum, it is this Court's conclusion that none of Grant's dismissed claims are "debatable among jurists of reason," could be resolved differently by a different court, or are sufficiently "adequate to deserve encouragement to proceed further."  *See Jennings*, 290 F.3d at 1010.  Because Grant cannot make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *see Slack*, 529 U.S. at 483, IT IS HEREBY ORDERED that issuance of a certificate of appealability be DENIED as to all issues presented.

DATED this 5th day of October, 2010, at Seattle, Washington.

RICHARD C. TALLMAN
United States Circuit Judge
Sitting by designation